JAMES W. FORTNER v. BARBARA FELL, *pro se, and as Executrix, etc.*

No. 14,731.   (88 Pac. 66.)

TITLE AND OWNERSHIP—*Adverse Possession.* It was said plaintiff did not acquire title by actual possession for more than fifteen years, with claim of title under a tax deed, where it appeared that defendant's grantor was a minor during the fifteen-year period of plaintiff's possession and within two years after the removal of his disability had sued and obtained a judgment forever barring plaintiff from any title to, or interest in, the land.

Error from Nemaha district court; WILLIAM I. STUART, judge.   Opinion filed December 8, 1906.   Affirmed.

*James W. Fortner, pro se.*

*Wells & Wells,* for defendant in error.

*Per Curiam:* This was an action in ejectment, commenced in 1904, to recover possession of eighty acres of land.   Plaintiff claimed and proved actual posses-

sion, with claim of title under a tax deed, for a period of more than fifteen years. The cause was tried to the court without a jury, and at the conclusion of plaintiff's testimony the court found generally for defendant. Plaintiff brings error and claims that the evidence required a judgment in his favor.

The answer set up that the immediate grantor of defendant was a minor during the fifteen-year period of plaintiff's possession; that, within two years after such disability was removed, and some thirteen years prior to the commencement of this action, he had brought suit against plaintiff and recovered a judgment in the district court forever barring plaintiff from any title to, or interest in, the land; and that such judgment had never been reversed or appealed from and was *res judicata*. On the trial plaintiff for some reason introduced the record of this former judgment, and also acknowledged that he had accepted and receipted for a certain sum of money adjudged in that action to be due him as a lien for taxes paid on the land. There is no merit in the claim that the fifteen years of possession under color of title gave him a title in fee, when the claim is accompanied by proof that during that period some one who was under disability had, within two years after the removal of such disability, successfully asserted a superior claim to the land. Besides, the court may have rested the judgment upon the former adjudication. Upon either ground it was right.

The judgment is affirmed.